IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

CHARLES GRAHAM, #11691                                                             PLAINTIFF

VERSUS                                                    CIVIL ACTION NO.  2:06cv159KS-MTP

BILLY MAGEE, UNKNOWN NOBLE,
CHARLES BOLTON, MIKE CLARK,
JOHN SIMMOND, MICHAEL CLARK,
UNKNOWN HUSDON, SGT. JIMMY,
RON TAYLOR, AND JOHN FERRELL                                                    DEFENDANTS

OPINION AND ORDER

On September 22, 2006, an order was entered directing the plaintiff to file an amended complaint within 20 days.  The plaintiff was warned in this court's order that failure to timely comply with the requirements of the order or failure to keep this court informed of his current address may lead to the dismissal of his complaint.  Notwithstanding the warning, the plaintiff failed to comply with that order.

When the plaintiff failed to comply with the order of September 22, 2006, this court, out of an abundance of caution, entered an order to show cause on November 7, 2006, requiring the plaintiff to respond in writing within 15 days to explain why this case should not be dismissed for failure to comply with this court's order of September 22, 2006.  In addition, the plaintiff was directed to comply with the order of September 22, 2006, by filing an amended complaint within 15 days.  Even though it has been more than 20 days since the deadline to comply with the order of November 7, 2006, the plaintiff has failed to respond.

The plaintiff has failed to comply with two court orders or to otherwise contact this court concerning this case.  Therefore, it is apparent from the plaintiff's failure to communicate with

this court that he lacks interest in pursuing this claim.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the 18th day of December, 2006.

                                            *s/ Keith Starrett*
                                   UNITED STATES DISTRICT JUDGE